UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MICA WILLIAMS o/b/o AK v. COMMISSIONER OF SOCIAL SECURITY,

5:09-CV-890 (GTS/GJD)

---

MICA WILLIAMS, pro se petitioner
SUSAN J. REISS, Special AUSA for respondent

**REPORT-RECOMMENDATION**

Presently before the court is a petition for mandamus, filed by petitioner on behalf of a minor child. (Dkt. No. 1). Petitioner's application in the instant case contained a notice written by the Social Security Administration, dated May 18, 2009, stating that the Commissioner received a letter from petitioner, dated March 5, 2009, requesting an "on-the-record" decision on behalf of AK. (Dkt. No. 1 at 2). The letter stated that a review of the record showed that the evidence was "not sufficiently persuasive" to allow an "on-the-record" decision. The letter also stated that there were many outstanding facts that "would be more properly adjudicated by an Administrative Law Judge." *Id.* Finally, the letter stated that the file would be returned to the "Master Docket" to be assigned to an Administrative Law Judge "in rotation" and scheduled for a hearing, based on the "hearing request date of December 9, 2008." December 9, 2008 is over 120 days ago.

The petition was filed on August 4, 2009. (Dkt. No. 1). On, August 18, 2009, I issued an order, granting petitioner ***in forma pauperis*** status and requiring service of the petition on the respondent. (Dkt. No. 3). The order further required a response to the petition from respondent within thirty days of service of the petition. *Id.* Respondent has filed a memorandum of law in opposition to the petition, arguing that

the court should not grant plaintiff's requested relief. (Dkt. No. 6-1). For the following reasons, this court agrees with respondent and will recommend denial of the petition.

**DISCUSSION**

A case is moot, and the court has no jurisdiction when the "parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Federal courts are without power to decide questions that cannot affect the rights of the parties in the case before the court. *See Swaby v. Ashcroft*, 357 F.3d 156, 159-160 (2d Cir. 2004)(petitioner's injury must be traceable to respondent and likely to be redressed by a favorable judicial decision).

The court's decision in *Sharpe* and subsequent orders in that class action provide for notice to individual applicants for Supplemental Security Income (SSI) that they may apply to the District Court for relief in cases where the administrative delay in reaching a decision is "unreasonable". *See e.g. Sharpe v. Harris*, 621 F.2d 530 (2d Cir. 1980); *Sharpe v. Heckler*, No. 79 Civ. 1977 (S.D.N.Y. October 2, 1985); *Sharpe v. Harris*, No. 79 Civ. 1977 (S.D.N.Y. July 10, 1980). In circumstances of unreasonable delay, the court may order interim benefits.

In this case, there is no indication that petitioner received a formal "*Sharpe*" notice from the Commissioner.[1] Respondent's memorandum of law states that petitioner filed an application for SSI on behalf of her daughter on July 29, 2008, and that the application was denied. Resp. Mem. of Law at 2 (Dkt. No. 6-1); Franceschi

[1] The court does note that petitioner is familiar with this process because she has filed a Sharpe petition in a previous case, in relation to a different child. *See Williams o/b/o MF v. Commissioner*, 5:06-CV-1279 (LEK/GJD).

Decl. ¶ 3 (Dkt. No. 6-2). Petitioner requested a hearing on December 9, 2008, but on March 5, 2009, she requested an "on the record" decision. *Id.*; Franceschi Decl. ¶¶ 4-5.

On May 19, 2009, Dino Franceschi responded to petitioner's request, explaining that the evidence was not sufficiently persuasive to justify an "on the record" decision, and that due to outstanding issues of fact, the case would have to be adjudicated by an Administrative Law Judge (ALJ). Franceschi Decl. ¶ 6. Mr. Franceschi stated in his letter that the case would be assigned to an ALJ in rotation, based on petitioner's hearing request date of December 9, 2008. *Id.*; Petition at 2. (Dkt. No. 1).

At the time that petitioner filed her *Sharpe* application on July 24, 2009, there had been no hearing scheduled. However, respondent states that on September 1, 2009, the Social Security Administration issued a notice of hearing, advising petitioner that a hearing has been scheduled for October 23, 2009. Resp. Mem. at 2; Franceschi Decl. ¶ 7. Respondent has filed the "Amended Notice of Hearing".[2] Resp. Ex. (Notice of Hearing)(Dkt. No. 6-3).

Since the respondent has scheduled plaintiff's hearing to be held in approximately one month, this court finds that plaintiff has obtained the relief to which she would be entitled, and the petition may be denied as moot.[3] Finally, the

[2] The court notes that the respondent's exhibit is an "Amended Notice of Hearing." Resp. Ex. The Amended Notice states that the ALJ ***rescheduled*** the hearing because the ALJ learned that he could not hold the hearing at the time and place set. *Id.* This Amended Notice implies that the hearing had been set for a previous date.

[3] The court notes that the source of the delay in plaintiff's case could be due to plaintiff requesting an "on the record" decision after requesting a hearing by an ALJ. The letter from

court has the authority to order interim benefits pending the respondent's decision. *See New York v. Sullivan*, 906 F.2d 910, 918 (2d Cir. 1990). Notwithstanding this authority, the court should grant interim benefits only in appropriate circumstances. *City of New York v. Heckler*, 742 F.2d 729, 740 (2d Cir. 1984), *aff'd on other grounds sub nom. Bowen v. City of New York*, 476 U.S. 467 (1986).

Although interim benefits have been awarded in cases in which benefits have been terminated, it has been held that this form of injunctive relief is not appropriate in cases of initial denial of benefits. *See Doughty v. Bowen*, 839 F.2d 644, 647 (10th Cir. 1988), *cited in Perez v. Apfel*, 22 Fed. Appx. 67, 68 (2d Cir. 2001). The plaintiff in this action is requesting an initial determination of benefits for a child, thus, interim benefits are inappropriate at this time. The court is concerned about the delay, however, and if the Court approves this Recommendation, the Commissioner should be encouraged to act expeditiously.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that the petition for mandamus (Dkt. No. 1) be **DENIED AND DISMISSED AS MOOT**, and it is

**RECOMMENDED,** that interim benefits be **DENIED AT THIS TIME**, and it is further

**RECOMMENDED,** that if the District Court approves this Recommendation,

---

Hearing Office Director Franceschi states that the file was "returned to the Master Docket to be scheduled for a hearing." Pet. at 2. Although the letter also states that the case would be assigned to an ALJ in rotation based on the date of petitioner's ***original request for a hearing***, it does appear that a long time has passed between December 9, 2008 request date and the October 23, 2009 hearing date. The Commissioner should make every effort to render a timely decision after the hearing.

the Commissioner be encouraged to act expeditiously.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: September 22, 2009

G J DiBianco

Hon. Gustave J. DiBianco
U.S. Magistrate Judge