UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICA WILLIAMS o/b/o AK,
                      Petitioner,

                                                     5:09-CV-0890
v.                                                    (GTS/GJD)

MICHAEL J. ASTRUE, Comm'r of Social Security,
                      Respondent.
_____

APPEARANCES:                                           OF COUNSEL:

MICA WILLIAMS
  Petitioner, *Pro Se*
109 Penta Drive
Syracuse, NY 13210

HON. ANDREW T. BAXTER                        SUSAN REISS, ESQ.
United States Attorney for the                    Special Assistant U.S. Attorney
Northern District of New York
  Counsel for Respondent
100 South Clinton Street
Syracuse, NY 13261-7198

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court, in this *pro se* action for Social Security benefits filed by Mica Williams ("Petitioner"), is a petition for mandamus filed by Petitioner (Dkt. No. 1), and United States Magistrate Judge Gustave J. DiBianco's Report-Recommendation recommending that the petition be dismissed as moot, and that the Commissioner of Social Security be encouraged to act expeditiously in this matter (Dkt. No. 8). For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety, Petitioner's petition is dismissed as moot, and the Commissioner is directed to act expeditiously in this matter.

**I.**      **BACKGROUND**

### A. Procedural History

On August 4, 2009, Petitioner filed the petition in this action. (Dkt. No. 1.) Liberally construed, Petitioner's petition alleges that, because the Social Security Administration ("SSA") has unreasonably delayed conducting a hearing regarding her minor daughter's right to Supplemental Security Income ("SSI"), the Court should order the Commissioner to either (1) issue a prompt decision, or (2) pay interim benefits until a decision is rendered. (Dkt. No. 1.)

On August 18, 2009, United States Magistrate Judge DiBianco issued an Order granting Petitioner *in forma pauperis* status and requiring service of the petition on the respondent. (Dkt. No. 3.) The Order further required a response to the petition from respondent within thirty days of service of the petition. (*Id.*) On September 11, 2009, Respondent filed a memorandum of law in opposition to the petition, arguing that the Court should not grant Petitioner's requested relief due to mootness caused by recent actions taken by Respondent. (Dkt. No. 6, Part 1.)

### B. Relevant Facts

On July 29, 2008, Petitioner filed an application for SSI on behalf of her daughter, which was denied. (Dkt. No. 6, Part 1.) Petitioner requested a hearing on December 9, 2008. (*Id.*) On March 5, 2009, Petitioner requested an "on the record" decision. (*Id.*) On May 19, 2009, Hearing Office Director Dino Franceschi responded to Petitioner's request by letter, explaining that the evidence was not sufficiently persuasive to justify an "on the record" decision, and that due to outstanding issues of fact, the case would have to be adjudicated by an Administrative Law Judge (ALJ). (Dkt. No. 6, Part 2 [Franceschi Decl.] at ¶ 6.) Mr. Franceschi stated in his letter that the case would be assigned to an ALJ in rotation, based on Petitioner's hearing request date of December 9, 2008. (*Id.*)

On July 24, 2009, Petitioner completed what is known as a "*Sharpe* Motion," which was received by the Court on August 4, 2009. (Dkt. No. 1.) At the time she filed her motion, no hearing had been scheduled. However, according to Respondent, on September 1, 2009, the SSA issued a notice of hearing, advising Petitioner that a hearing has been scheduled for October 23, 2009. (Dkt. No. 6, Part 1; Dkt. No. 8.)[1]

On September 22, 2009, Magistrate Judge DiBianco issued a Report-Recommendation recommending that Petitioner's petition be denied as moot because "the Respondent has scheduled [Petitioner's] hearing to be held in approximately one month, [and therefore] this court finds that [Petitioner] has obtained the relief to which she would be entitled . . . ." (Dkt. No. 8.) In his Report-Recommendation, Magistrate Judge DiBiano also cautioned the Respondent that, because "the court is concerned about the delay, . . . if the [District] Court approves this Recommendation, the Commissioner should be encouraged to act expeditiously." (*Id*.) Familiarity with the grounds of Magistrate Judge DiBianco's Report-Recommendation is assumed in this Decision and Order.

Neither party filed Objections to the Report-Recommendation.

## II.     APPLICABLE LEGAL STANDARDS

### A.     Legal Standard Governing Petitions for Mandamnus and Dismissals Due to Mootness

Magistrate Judge DiBianco correctly recited the legal standards governing both a petition for mandamus, and dismissals due to mootness. (Dkt. No. 8, at 2-5.) As a result, these standards are incorporated by reference herein.

---

[1] Respondent has filed an "Amended Notice of Hearing." (*See* Dkt. No. 6, Part 3.)

**B.     Standard of Review**

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[2] When only general objections are made to a magistrate judge's report-recommendation, the Court reviews the report-recommendation for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[3] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the

---

[2]     On *de novo* review, "[t]he judge may . . . receive further evidence . . . ." 28 U.S.C. § 636(b)(1)(C). However, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance. *See, e.g.*, *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n. 3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

[3]     *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted ... [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), *aff'd*, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### III. ANALYSIS

After carefully reviewing all of the papers in this action, including Magistrate Judge DiBianco's Report-Recommendation, the Court concludes that the Report-Recommendation is not clearly erroneous. Magistrate Judge DiBianco employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Court accepts and adopts the Report-Recommendation for the reasons stated therein. The Court would add only that the Report-Recommendation would survive even a *de novo* review.

**ACCORDINGLY**, it is

**ORDERED** that Petitioner's petition for mandamus (Dkt. No. 1) is **DENIED and DISMISSED as moot**, and it is further

**ORDERED** that Petitioner's request for interim benefits be **DENIED at this time**; and it is further

**ORDERED** that the Commissioner act expeditiously in the matter.

Dated: October 14, 2009
       Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge